**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

GINA GOE, individually and as parent and next friend of GRACE GOE; KARLA KOE, individually and as parent and next friend of KYLIE KOE; LAURA LOE, individually and as parent and next friend of LOGAN LOE; and MELISSA MOE, individually and as parent and next friend of MAYA MOE,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; CENTERS FOR MEDICARE & MEDICAID SERVICES; and MEHMET OZ, in his official capacity as Administrator of CMS,

Defendants.

Case No. 1:26-cv-803-SM

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR EXPEDITED BRIEFING OF THEIR MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs waited more than six weeks after publication of the final rule challenged in this case to file their Motion for Preliminary Injunction, ECF No. 6, and now appear to ask the Court to truncate Defendants' default response period under the local rules, seeking "expedited briefing and a hearing on this motion at the Court's earliest convenience." *Id*. at 2. Defendants respectfully oppose Plaintiffs' suggestion that their default time to respond should be cut short. The Court

should instead enter a schedule for preliminary injunction briefing that affords them the customary 14 days to respond, *see* LR 7.1(b), with a hearing set for the week of October 26. In support of this motion, Defendants state as follows:

1. CMS published the final rule titled "Medicaid Program; Prohibition on Federal Medicaid and Children's Health Insurance Program Funding for Sex-Rejecting Procedures Furnished to Children," 91 Fed. Reg. 52406 (to be codified at 42 C.F.R. § 441.800, § 441.801, § 441.802, and § 457.476) (the "Rule"), over 6 weeks ago, on August 13, 2026. That Rule prohibits Federal Medicaid dollars from being used to fund sex-rejecting procedures for individuals under the age of 18 and prohibits the use of Federal Children's Health Insurance Program ("CHIP") dollars to fund sex-rejecting procedures for individuals under the age of 19. But the Rule does nothing relating to any decisions by States to fund those procedures.

2. Plaintiffs did not file their Complaint or Motion for Preliminary Injunction until October 1, 2026. *See generally* ECF Nos. 1 & 6. Plaintiffs' Memorandum in Support of their Motion for Preliminary Injunction is 45 pages long. *See generally* ECF No. 7.

3. While Defendants do not oppose a prompt preliminary injunction hearing, it is unreasonable for Plaintiffs to belatedly request to have all briefing, a hearing, and a decision completed by October 13; the full effect of the Rule will not occur until six months from that date because the Rule permits federal funding during a six-month tapering period for beneficiaries currently receiving cross-sex hormone therapy. Defendants would also be prejudiced by having to respond to a 45-page preliminary injunction motion with 18 exhibits comprising a total of 638 pages on an expedited timeline shorter than two weeks when Plaintiffs have waited six weeks to file their preliminary injunction motion since the Rule was published and had more than nine

months after the Notice of Proposed Rulemaking was published on December 19, 2025 to prepare arguments for their motion.

4. Defendants thus propose the following briefing schedule for Plaintiffs' Motion for Preliminary Injunction:

- **October 15, 2026 –** Defendants' Response to Plaintiffs' Motion for Preliminary Injunction
- **October 22, 2026 –** Plaintiffs' Reply in Support of Their Motion for Preliminary Injunction
- **Week of October 26, 2026 –** Hearing on Plaintiffs' Motion for Preliminary Injunction

5. Alternatively, if Plaintiffs wish to file their reply brief sooner and the Court has adequate time to consider all briefing, Defendants' counsel is available for a hearing on October 22 or 23.

6. Plaintiffs also ask, in the alternative, to "issue a temporary restraining order enjoining enforcement of the Rule as to Plaintiffs while Plaintiffs' Motion for Preliminary Injunction remains pending." ECF No. 6 at 2. But Plaintiffs have not demonstrated that any treatment will be disrupted during expedited motion practice period, as they provide no details regarding any appointments or injections that will occur during this period. Plaintiffs instead argue that Logan Loe received injections "every three months," PI Motion at 18; that Maya Moe "attend[s] [a] clinic every six months," *id.* at 20; and that Grace Goe and Kylie Koe do not currently receive puberty blockers at all. *See id.* at 15, 16. And there is nothing in the record to suggest that there will be a material difference to any individual between October 13 and the week of October 26.

Dated: October 5, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

MICHELLE BENNETT

Assistant Branch Director

*/s/ J. Stephen Tagert*
J. STEPHEN TAGERT
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 305-5486
stephen.tagert@usdoj.gov

*Counsel for Defendants*