# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| GINA GOE, individually and as parent and next friend of GRACE GOE; KARLA KOE, individually and as parent and next friend of KYLIE KOE; LAURA LOE, individually and as parent and next friend of LOGAN LOE; and MELISSA MOE, individually and as parent and next friend of MAYA MOE,<br><br>*Plaintiffs,*<br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; CENTERS FOR MEDICARE & MEDICAID SERVICES; and MEHMET OZ, in his official capacity as Administrator of CMS,<br><br>*Defendants.* | No. 1:26-cv-00803-SM-TSM |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO PROCEED PSEUDONYMOUSLY**

Defendants' limited opposition provides no reason to disturb the Court's October 2, 2026 order provisionally granting Plaintiffs' motion to proceed pseudonymously. Plaintiffs have demonstrated that public disclosure of their identities risks exposing them to severe psychological and physical harm and would likely deter similarly situated future litigants—grounds sufficient under First Circuit precedent. Defendants' alternative suggestion that Plaintiffs proceed using their initials is unsupported by any authority and would not adequately protect Plaintiffs' identities given the personal details already disclosed in this litigation. And, although Defendants speculate that they may someday "need to have access" to Plaintiffs' information, Defs.' Limited Opp'n to Pls' Mot. to Proceed Pseudonymously at 1, ECF No. 28 ("Pseudonym Opp."), this Court need not decide that now since Defendants do not present any current need or rationale to learn Plaintiffs'

identities. This Court should reaffirm its order granting Plaintiffs' pseudonym motion.

## ARGUMENT

### I. Plaintiffs Meet Their Burden in Justifying Their Use of Pseudonyms.

Defendants assert that Plaintiffs do not satisfy the first paradigm articulated in *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61 (1st Cir. 2022) ("*MIT*") because they do not face risks similar to "severe harm at the hands of other inmates" or "extraordinary retaliation, such as deportation, arrest, and imprisonment." Pseudonym Opp. at 3 (citing *MIT*, 46 F.4th at 71). Defendants mistake these examples from *MIT* for an exhaustive list. However, the First Circuit explained that the first paradigm is satisfied when litigants reasonably fear that public disclosure of their identities would cause "unusually severe harm (either physical or psychological)," including by aggravating existing health conditions. *MIT*, 46 F.4th at 71. Plaintiffs' declarations amply illustrate how disclosure of their identities would threaten their psychological wellbeing and physical safety due to the medical information and contentious political issues implicated in this case. Adolescent Plaintiffs wish to decide for themselves who knows they are transgender because being seen as girls is essential to their wellbeing. Requiring them to identify themselves would put them and their parents at imminent risk of harassment, especially given the current statewide and nationwide hostility towards transgender children. *See* Goe Decl. ¶¶ 12–14, 20–21, ECF No. 7-1; Koe Decl. ¶¶ 7–10, 18–19, ECF No. 7-2; Loe Decl. ¶¶ 10, 15, 20–21, ECF No. 7-3; Moe Decl. ¶¶ 18–19, ECF No. 7-4. Indeed, Adolescent Plaintiff Logan Loe has already experienced bullying and harassment at school. Loe Decl. ¶¶ 10, 15.

Next, Defendants argue that Plaintiffs have not shown that public identification would deter similarly situated future plaintiffs, as required by the third paradigm. Pseudonym Opp. at 3–4. Their reliance on *Doe v. Smith* is misplaced. *Id.* at 4 (citing *Doe v. Smith*, No. 25-1373, 2026 WL 2718168, at *11–12 (1st Cir. Sept. 15, 2026)). There, the winner of a billion dollars from a state

lottery sued a private party for allegedly disclosing his winnings in violation of a non-disclosure agreement ("NDA"). *Doe*, 2026 WL 2718168, at *1. Because the NDA did not include a confidentiality clause, the First Circuit concluded that "the only chilling effect on future lottery winners is that they will not use the NDA" the plaintiff used. *Id.* at *11. This case is fundamentally different. It concerns Adolescent Plaintiffs' medical diagnoses and transgender status—precisely the type of intimate information the First Circuit recognized may deter future litigants without anonymity. *MIT*, 46 F.4th at 71 (citing *In re Sealed Case*, 971 F.3d 324, 327 (D.C. Cir. 2020)). Courts throughout this circuit likewise protect such information through pseudonymity. *See, e.g.*, *John Doe v. Blue Cross & Blue Shield*, 794 F. Supp. 72, 74 (D.R.I. 1992) (granting transgender plaintiff's motion to proceed pseudonymously because "plaintiff's privacy interest is both precious and fragile, and this Court will not cavalierly permit its invasion"); *Doe v. Austin*, No. 2:22-cv-00368-NT, 2023 WL 3568188, at *1 (D. Me. May 19, 2023) (granting transgender plaintiffs' pseudonym motion because the plaintiffs satisfied the third paradigm); *Orr v. Trump*, No. 1:25-cv-10313-JEK, 2025 WL 848691, at *1–2 (D. Mass. Mar. 18, 2025) (same).

## II. Using Plaintiffs' Initials Would Not Protect Plaintiffs.

### A. Defendants Have No Legal Basis to Ask Plaintiffs to Use Initials Instead of Pseudonyms.

Defendants' demand that Plaintiffs use their initials conflates two distinct concepts: using initials to refer to minors under Fed. R. Civ. P. 5.2(a)(3), and proceeding pseudonymously pursuant to Fed. R. Civ. P. 5.2(e). Rule 5.2(a)(3) does not preclude parties from proceeding pseudonymously, and Rule 5.2(e) neither requires initials nor prescribes any other naming convention.

No authority entitles Defendants to direct the form of Plaintiffs' pseudonyms. Local Rule 10.1 sets forth the requirements for a party to proceed pseudonymously but requires no particular

naming convention. L.R. 10.1. Nor does First Circuit precedent governing party anonymity. *MIT*, 46 F.4th at 71–72. Defendants' attempt to dictate Plaintiffs' pseudonyms thus has no basis in the Federal Rules of Civil Procedure, the Local Rules, or circuit precedent.

### B. Using Initials Rather Than Pseudonyms Would Risk Revealing Plaintiffs' Identities.

Because no authority requires a particular form of pseudonym, the guiding question is whether initials would adequately protect Plaintiffs. They would not. New Hampshire is a small state, and some of the Plaintiffs live in small communities. *See* Koe Decl. ¶ 19; Loe Decl. ¶ 21; Moe Decl. ¶ 19. Given the small number of Parent and Adolescent Plaintiffs, referring to them by their initials creates a pool of people that is so small as to make their identities obvious. And using Parent Plaintiffs' initials in conjunction with their children's initials would heighten that risk. Defendants offer no reason why Plaintiffs should use initials, especially when doing so could expose Plaintiffs' identities. Accordingly, Defendants cannot justify the use of initials rather than pseudonyms when doing so would expose Plaintiffs to severe risk of harm.

## III. Defendants Identify No Present Need for Plaintiffs' Identities.

Defendants have additionally requested the opportunity to "learn the identities of each Plaintiff in the event it becomes necessary." Pseudonym Opp. at 5; *see also id.* at 1 (Defendants requesting "access to [Plaintiffs'] names in the event that Defendants need to have access to them in the future"). This request is alarming given the Executive Branch's ongoing campaign against transgender adolescents, their families, and their healthcare providers.[1]

---

[1] Since 2025, the Department of Justice ("DOJ") has issued administrative subpoenas to more than 20 healthcare providers who treated transgender youth, seeking patients' identifying information and medical records. *See* Compl. ¶ 39, ECF No. 1; *In re 2025 Subpoena to Child.'s Nat'l Hosp.*, No. 1:25-cv-03780-JRR, 2026 WL 160792, at *3–4 (D. Md. Jan. 21, 2026) ("*CNH*"). Multiple federal district courts quashed those subpoenas, with several concluding that the subpoenas had seemingly no purpose other than to harass and intimidate healthcare providers and patients. *See, e.g.*, *In re Admin. Subpoena No. 25-1431-019*, 800 F. Supp. 3d 229, 239 (D. Mass. 2025); *CNH*,

In any event, this issue is not ripe for resolution. Plaintiffs' motion concerns disclosure to the public, not to the parties. Because Defendants identify no present need for Plaintiffs' identities, this Court need not decide whether Defendants may need them in the future.

**CONCLUSION**

For the foregoing reasons, Plaintiffs request that this Court grant Plaintiffs' motion to proceed pseudonymously.

/ / /

2026 WL 160792, at *9; *In re Admin. Subpoena 25-1431-032 to R.I. Hosp.*, 836 F. Supp. 3d 459, 474 (D.R.I. 2026). DOJ then sought to obtain transgender patients' private information through grand jury subpoenas, which federal courts enjoined based on patients' substantial constitutional privacy interests. *See Coe v. Blanche*, No. 26 Civ. 4641, 2026 WL 1951390, at *1 (S.D.N.Y. July 6, 2026), *stay denied*, No. 26-1886 (2d Cir. Aug. 26, 2026); *Z.A. v. Blanche*, 837 F. Supp. 3d 1036, 1069 (N.D. Cal. 2026).

Dated: October 22, 2026

Respectfully submitted,

*/s/ Chris Erchull*
Chris Erchull

*/s/ Seth B. Orkand*
Seth B. Orkand

**GLBTQ LEGAL ADVOCATES & DEFENDERS (GLAD LAW)**

Joshua D. Rovenger (pro hac vice pending)
Chris Erchull NH Bar No. 266733
Lisa Rodriguez-Ross (pro hac vice pending)
18 Tremont Street, Suite 950
Boston, MA 02108
Telephone: (617) 426-1350
jrovenger@gladlaw.org
cerchull@gladlaw.org
erodriguezross@gladlaw.org

**NATIONAL CENTER FOR LGBTQ RIGHTS**

Rachel Berg (pro hac vice pending)
1401 21st Street #11548
Sacramento, California 95811
Telephone: (415) 365-1338
rberg@nclrights.org

**AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE**

Gilles R. Bissonnette NH Bar No. 265393
Henry R. Klementowicz NH Bar No. 21177
Maria D. Savarese NH Bar No. 273285
Concord, NH 03301
Telephone: (603) 224-5591
gilles@aclu-nh.org
henry@aclu-nh.org
maria@aclu-nh.org

**ROBINSON & COLE LLP**

Seth B. Orkand (pro hac vice pending)
Kendra L. Berardi (pro hac vice pending)
53 State Street, 32nd Floor
Boston, MA 02109
Telephone: (617) 557-6900
sorkand@rc.com
kberardi@rc.com

Danielle H. Tangorre (pro hac vice pending)
111 Washington Avenue, Third Floor
Albany, NY 12210
Telephone: (518) 432-7841
dtangorre@rc.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all those registered with the ECF system.

Date: October 22, 2026

*/s/ Seth B. Orkand*
Seth B. Orkand